UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

May 12, 2022

LETTER ORDER

    Re: Steele v. Suzuki Motor Corp., Civil Case No. SAG 21-3097

Dear Counsel:

  On September 8, 2019, Rodney O'Neil Steele Sr. died in a motorcycle accident at a "Track Day" at a motorsports park in West Virginia. His estate and his surviving spouse (collectively, "Plaintiffs") filed this products liability-based action against Defendant Suzuki Motor Corporation ("Suzuki"), the manufacturer of the motorcycle Steele was riding at the time of his death. Suzuki has filed a Motion to Dismiss Plaintiffs' Complaint, ECF 11, which is fully briefed. ECF 14, 15. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons described herein, Suzuki's motion will be granted in part and denied in part.

  The Complaint alleges that Steele was riding a 2007 Suzuki GSX-R1000 motorcycle. ECF 1 ¶ 8. Despite the motorcycle's age, the Complaint alleges that it "had not been significantly changed from the condition in which it was sold." *Id.* ¶ 10. The Complaint further alleges that at the time the motorcycle left the control of the Defendant, it was "insufficiently supported to withstand foreseeable forces[,]" that the "material used for the frame was insufficient to withstand foreseeable forces, and/or" that the "weldment between the aluminum casting of the [b]ulkhead to the rectangular drawn aluminum tubes at both sides of the motorcycle was insufficient to withstand foreseeable forces." *Id.* ¶ 20. In the negligence count, the Complaint adds, in relevant part, that "[t]he wall thickness of the frame material was insufficient to withstand foreseeable forces[,]" that "[t]he manual and maintenance schedule that were provided did not address the proper testing and inspection of the motorcycle frame[,]" and "[t]here was insufficient welding and heat treatment of the motorcycle frame to withstand foreseeable forces." *Id.* ¶ 25.

  Suzuki argues that those allegations are insufficiently specific to state a strict liability or negligence claim under West Virginia law, which requires proof of an unreasonable design choice in light of the general state of the art of the manufacturing process at the time the product is made. ECF 11. The cases Suzuki cites, however, do not purport to set forth the pleading standard for strict liability or negligence claims, but instead describe the required proof at later stages of the litigation process. *See Morningstar v. Black & Decker Mfg. Co.*, 253 S.E.2d 666, 683 (W. Va. 1979) (pronouncing legal standard for proving such claims in response to a certified question of law); *Nease v. Ford Motor Co.*, 848 F.3d 219, 233-34 (4th Cir. 2017) (deciding a motion for judgment as a matter of law after jury verdict); *Church v. Wesson*, 385 S.E.2d 393, 396 (W. Va.

<u>Steele v. Suzuki Motor Corp.</u>
Civil Case No. SAG 21-3097
May 12, 2022
Page 2

1989) (adjudicating an appeal of a directed verdict at trial); *Mullins v. Ethicon, Inc.*, Case No. 2:12-cv-2952, 2017 WL 455938, at *3 n.1 (S.D. W. Va. Feb. 2, 2017) (deciding a motion to strike supplemental expert reports late in the discovery process).  Suzuki's attempt to import those higher standards at the pleading stage lacks merit.  For the purposes of the instant motion, taking Plaintiffs' allegations as true, they have alleged that the motorcycle unexpectedly fractured during its anticipated use as a result of one or more specified manufacturing and/or design defects that had existed since its sale.  Those allegations suffice, at this early stage of the litigation, to state claims for strict liability and negligence.

      Plaintiffs' wrongful death and survival actions, however, are subject to dismissal without prejudice because, as pled, they seek recovery under Maryland substantive law.  Maryland law provides that West Virginia law should govern this action, because West Virginia is the place where the alleged injury occurred.  *See Erie Ins. Exchange v. Heffernan*, 399 Md. 598, 620 (2007) ("Consistent with the principle of *lex loci delicti*, because the automobile collision occurred in Delaware, under Maryland law, a Maryland Court would apply the substantive tort law of Delaware[.]")  Accordingly, Counts III and IV will be dismissed without prejudice, and Plaintiffs are granted leave to amend their complaint to replead those causes of action under the appropriate state laws.  Any amended complaint should be filed within three weeks of the date of this letter order.

      Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

                                   Sincerely yours,

                                   /s/

                                   Stephanie A. Gallagher
                                   United States District Judge